Crichton v. Storz, 19 N. M. 322

[No. 1670, August 11,.1914]

ROY J. CRICHTON, Plaintiff, THE UNITED STATES
BANK & TRUST CO., THE OCCIDENTAL LIFE
INS. CO., and M. W. FLOURNOY, Trustee, Interve-
nors, Appellants, vs. ANDY J. STORZ, Et. Ux., De-
fendants, WOOD-DAVIS HARDWARE CO., et al.,
Plaintiffs, Appellees.

### SYLLABUS BY THE COURT.

1.   Certain provisions of Subdivision 4, of Rule XIII, adopt-
ed by this court March 22, 1912, are inconsistent with Section
21, Chap. 57, S. L. 1907, and where an appeal has been dis-
missed, for a failure to comply with a provision of such rule,
clearly inconsistent with the statute, the order dismissing
the appeal will be set aside and the cause reinstated.

P. 324

Appeal from District Court, Santa Fe .County; Edmund
C. Abbott, Presiding Judge. Dismissal vacated. Cause re-
instated.

A. B. McMILLAN, Albuquerque; N. B. LAUGHLIN, Santa
Fe, for appellants.
   Briefs on motion to .re-instate. Secs. 20, 21, Chap. 57,
L. 1907; Pars. 4, 8, Rule 13; Jurisdiction. Elliott on App.,
Sec. 541.

CATRON & CATRON, for appellees.
   132 Pac. 249; 17 N. M. 664; 133 Pac. 974; 124 Pac.
794.

Appellant's Reply Brief.

Sec. 21, Chap. 57, L. 1907.

### OPINION.

ROBERTS, C. J.—The order granting an appeal in this
cause was made and entered by the District Court of Santa
Fe County on the 24th day of November, 1913.   February
21, 1914, appellants filed three copies of the transcript of

Crichton v. Storz, 19 N. M. 322

the record with the clerk of this court. On March 13th, thereafter, appellants filed assignments of error. On March 26th, thereafter, appellees filed a motion to dismiss the appeal, because appellants had failed to file and serve copies of briefs, as required by Subdivision 4 of Rule XIII, of this court. On March 30th, an order was made dismissing the appeal. Thereafter, on April 1, appellants filed a motion to vacate the order of dismissal and reinstate the cause and for leave to file briefs.

The rule in question, under which the order dismissing the appeal was made, reads as follows:—

"Ten printed copies of the abstract, points and authorities required by this rule and of the transcript, where the same is required by law to be printed, shall be filed with the clerk, and two copies thereof, shall be served on the adverse party, his attorney or counsel, by the plaintiff in error or appellant, within thirty days after the original transcript of record is filed in the office of the clerk of this court and by the defendant in error or appellee within thirty days after being served with a copy of the transcript, when the same is required by law to be printed, and two copies of the brief of appellant or plaintiff in error, appellant or plaintiff in error may file a reply brief within ten days after being served with copies of the brief of appellee or defendant in error."

This rule, it will be seen, requires appellant or plaintiff in error, to file his brief within thirty days after the original transcript of record is filed in the office of the clerk of this court, and this, notwithstanding the fact, that under the provisions of Section 21, Chapter 57, S. L. 1907, the appellant or plaintiff in error is not required to file his assignments of error until "on or before the return day," which requirement clearly would be satisfied by the filing of assignments of error on the return day, which under the provisions of Section 20, of said Chapter, as amended by Chapter 120, S. L. 1909, is 130 days after the allowance of the appeal by the district court, or the granting of the writ of error by this court. It will thus be seen that the rule is inconsistent with the statute, for it would require the brief to be filed within thirty days after

the transcript of the record is filed with the clerk, notwithstanding the fact that assignment of errors had not been filed, or that such assignment had not been filed at the same time the transcript was filed. Where a rule adopted by the court contains provisions inconsistent with a statute, the inconsistent provisions will not be enforced, and an order dismissing an appeal, for a failure to comply with a provision of such a rule, clearly inconsistent with the statute, will be set aside and the cause reinstated. The appellants should have been allowed 30 days after the filing of their assignment of errors within which to have filed and served briefs. Their time within which to do so would not have expired until April 12th, consequently, the court should not have dismissed the appeal because of their failure so to do prior to March 26th.

Appellees rely upon the case of Hillard vs. Insurance Co., 17 N. M. 664, where this court dismissed the appeal for failure to file and serve briefs within thirty days after the transcript was filed. In that case, however, the assignment of errors was filed more than thirty days prior to the default, and the question here raised was not in that case.

The attention of the court having been called to such inconsistency, we have amended the rule, so that the same now reads as follows:

"Where the transcript of record and proceedings in the cause is required by law to be printed, ten printed copies must be filed with the clerk and two copies delivered to the adverse party, his attorney or counsel, within thirty days after the original transcript of record is filed in the office of the clerk of this court. Within thirty days after filing assignment of errors, appellant or plaintiff in error shall file ten printed copies of his brief with the the clerk and serve two copies thereof on the adverse party, his attorney or counsel. The defendant in error, or appellee, shall, in like manner file and serve upon the adverse party the same number of copies of his brief within 30 days after being served with copies of brief, as above provided. PROVIDED, HOWEVER, that the appellee or defendant in error shall not be required to file his brief before the

return day. Appellant or plaintiff in error may file a reply brief within ten days after being served with copies of the brief of appellee or defendant in error. Where the briefs are typewritten, as permitted by subdivision nine, of this rule, only five copies need be filed with the clerk and one copy served on the adverse party, but the time of filing and service shall be governed by the provisions of this subdivision."

For the reasons stated, the order of dismissal will be vacated and the cause reinstated, and appellant will be allowed thirty days within which to file briefs, and, IT IS SO ORDERED.